88692-1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

ANGELA BENNETT, individually, and EDGAR
CUEVAS, her husband,

    Plaintiffs,

vs.

HOLIDAY CVS L.L.C., a Florida Limited
Liability Company,

    Defendant.
_____/

**DEFENDANT'S, HOLIDAY CVS LLC'S,
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, HOLIDAY CVS LLC (hereinafter, "HOLIDAY CVS"), hereby removes the above-styled action from the Seventeenth Judicial Circuit in and for Broward County, Florida to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

1.     HOLIDAY CVS is the sole Defendant in a civil action brought against it in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Angela Bennett and Edgar Cuevas v. Holiday CVS, LLC,* Case No. CACE-18-014885. A true and correct copy of all process, and pleadings served upon HOLIDAY CVS is attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. section 1447 (b).

2.     This action involves Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the HOLIDAY CVS store located at 1 North Federal

CASE NO.

Highway, in Fort Lauderdale, Broward County, Florida on or about October 9, 2017 (hereinafter "subject incident"). (*See generally* Compl. (attached hereto as a part of Composite Ex. 1)).

3. On or about June 25, 2018, Plaintiffs served HOLIDAY CVS with process in this matter. Defendant, HOLIDAY CVS, filed this Notice of Removal within thirty (30) days after receiving service of process.

4. Furthermore, HOLIDAY CVS received a comprehensive demand letter from the Plaintiffs dated April 27, 2018 (which is the first paper indicating an amount in controversy) including medical bills, invoices, and photos. *See Plaintiffs' Demand Letter dated April 27, 2017, attached as Ex. 2.* Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, (2) the action is between citizens of different states, and (3) the defendant is not a citizen of Florida.

6. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, the nature and extent of the damages alleged in the Complaint, the Plaintiffs' demand of $250,000.00 demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court.

CASE NO.

*See Id.* Therefore, Defendant has met its burden in establishing the amount in controversy requirement. S*ee Archer v. Kelly*, 271 F.Supp.2d 1320, 1322 (N.D. Okla. 2003)(holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F.Supp.2d 805, 806 (W.D. Tex. 2008)(holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *2 (Fla. S.D. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

7. The Plaintiffs, Angela Bennett and Edgar Cuevas, are citizens of the State of Florida. *See* ¶2 of Plaintiffs' Complaint, Ex. 1.; *see McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)(explaining that "[c]itzenship is the equivalent to domicile for purposes of diversity jurisdiction."). As stated in the Complaint, at the time of the subject incident, the Plaintiffs, Angela Bennett and Edgar Cuevas, were and are residents of Broward County, Florida and are otherwise *sui juris*. *Id.* at ¶2 and ¶3. Consequently, Plaintiffs are presumed to be citizens of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

8. Further, Defendant, HOLIDAY CVS, is a single member LLC, its sole managing member being CVS Pharmacy, Inc. which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. (*See Fla. Division of Corporations 2018 Annual Report, attached hereto*

CASE NO.

*as Exhibit 3*). Consequently, CVS Pharmacy, Inc. is a citizen and resident of Rhode Island. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

9. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, the action is between Plaintiffs, citizens of Florida, and Defendant, which the sole member is a Rhode Island corporation with a principal place of business located at One CVS Dr., Woonsocket, RI 02895. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332; *see* 28 U.S.C. § 1441 (a).

10. Pursuant to procedural requirements for removal set forth in 28 U.S.C. section 1446(d), HOLIDAY CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto. (*See State Court Notice of Removal* (*attached hereto as Exhibit 4*).

WHEREFORE Defendant, HOLIDAY CVS, respectfully requests that the above action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

CASE NO.

Respectfully submitted,

_____
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:     (305) 448-3939
Facsimile:     (305) 441-1745
Attorneys for Holiday CVS LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 25, 2018, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_____
Jacob J. Liro, Esquire

**SERVICE LIST**

Justin Weinstein, Esquire
Weinstein Legal
330 N. Andrews Avenue
Suite 101
Fort Lauderdale, FL 33301
Telephone:     (954) 845-0505
Facsimile:     (954) 206-0050
Pleadings@Weinstein-Legal.com